# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR417-003 |
| | ) | CV420-167 |
| BRANDON TARELL JOHNSON | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Brandon Tarell Johnson pled guilty to a single count of possession of a firearm by a convicted felon. *See* doc. 33 at 1 (Judgment).[1] He was sentenced to 84 months of imprisonment on July 25, 2017. *Id*. He did not appeal. He now seeks to vacate the judgment on the ground that his conviction was invalidated by the Supreme Court's holding in *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019). His motion, pursuant to 28 U.S.C. § 2255, was signature filed[2] on July 20, 2020. Doc. 37 at 5. Since his motion is untimely, it should be denied.

---

[1] The Court is citing to the criminal docket in CR417-003 unless otherwise noted.

[2] Under the "prison mailbox rule," the Court presumes that Johnson's motion was delivered for mailing on the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [a § 2255] motion was delivered to prison authorities on the day he signed it . . . ."). Johnson originally filed it with the

The Court entered judgment against Johnson on July 25, 2017, doc. 33, and he had one year from the date his conviction became final to seek § 2255 relief.  28 U.S.C. § 2255(f).  He had until August 8, 2017, to file his notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment).  Since he filed no appeal, Johnson's conviction became final and § 2255(f)'s one-year clock began to tick on August 8, 2017.[3]  *See Adams v. United States*, 173 F.3d 1339, 1343 n. 2 (11th Cir. 1999) ("If a defendant does not pursue a timely direct appeal; to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the

---

United States Court of Appeals for the Eleventh Circuit.  *See* doc. 37 at 1-2.  The Court of Appeals submitted the petition to this Court on July 27, 2020.  *Id.*

[3]  As described in the statute, the one-year limitation period runs from the latest of:

  (1) the date on which the judgment of conviction becomes final;

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

date on which the time for filing such an appeal expired."). The one-year clock ran out, therefore, on August 8, 2018. He did not file the present § 2255 motion, however, until July 20, 2020, which is more than twenty two months too late. Doc. 37 at 5.

Johnson offers no explanation for the delay.[4] *See* doc. 37 at 3-5. Hence, his motion is time-barred unless he can show an exception, like a new rule of law retroactively available to him. *See* 28 U.S.C. § 2255(f)(3). Johnson might contend that *Rehaif* announced a "newly recognized" right, extending his original one-year clock. The Supreme Court, however, has not determined whether *Rehaif* applies retroactively. The Eleventh Circuit has found that it does not announce "a new rule of constitutional law, made retroactive to cases on collateral review," for purposes of certifying second or successive § 2255 motions, pursuant to § 2255(h)(2). *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* neither announced a "new rule of constitutional law" nor was it

---

[4] "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)). If Johnson contends that there some "extraordinary circumstance" prevented his timely filing, he is free to file an objection to this R&R within the period discussed below and the Court will consider it.

"made retroactive to cases on collateral review . . . ."). Some courts in this Circuit, nevertheless, have "assumed" *Rehaif* triggers § 2255(f)(3)'s one-year clock. *See North v. United States*, 2020 WL 2873626, at * 2 (N.D. Ga. May 14, 2020). Courts outside of this Circuit have been inconsistent. *See United States v. Dace*, ___ F. Supp. 3d ___, 2020 WL 3603678, at *3-*4 (D. Colo. June 24, 2020) (finding a § 2255 motion timely when filed within one year of *Rehaif*, but noting that finding "break[s] with several other federal courts . . . (citing, *inter alia, United States v. Mock,* 2019 WL 632465, at * 6 (S.D. Ohio Nov. 26, 2019), *adopted* 2019 WL 6893772 (S.D. Ohio Dec. 18, 2019)). It, therefore, remains unclear whether *Rehaif* provides the operative date for considering the timeliness of Johnson's motion.

The Court need not consider the complicated question of whether *Rehaif* might have restarted Johnson's one-year clock, however. Even if it had, Johnson's motion is still untimely. *Rehaif* was decided on June 21, 2019. *See* 139 S.Ct. at 2191. Johnson's one-year clock ran out, therefore, no later than June 22, 2020.[5] As discussed above, Johnson's motion was

---

[5] Since June 21, 2020 fell on a Sunday, the deadline is extended by rule until the next business day. *See* 28 U.S.C. § 2255, Rule 12 (applying the Federal Rules of Civil Procedure to proceedings pursuant to § 2255); Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a period stated in days or a longer unit of time] is a Saturday, Sunday, or legal

4

signature filed on July 20, 2020. Even assuming that the one-year clock started from *Rehaif*'s decision, then, Johnson's motion is nearly one month too late.

Accordingly, Johnson's § 2255 motion should be **DENIED**. Doc. 37. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

---

holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 29th day of July, 2020.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia